UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI CHAVEZ-DEREMER,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br>v.<br><br>ROBERTO PEREZ FARMS, a sole proprietorship; TRACTOR PATROL LLC, a California corporation; and ROBERTO PEREZ, an individual,<br><br>Defendants. | Case No. 2:26-cv-00548-DC-CSK<br><br>**~~(PROPOSED~~) CONSENT JUDGMENT AND PERMANENT INJUNCTION**<br><br>(Doc. No. 6) |

Plaintiff Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor ("Secretary), and Defendant Roberto Perez Farms; Tractor Patrol, LLC; and Roberto Perez ("Defendants") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment as follows:

**STATEMENTS BY AND AGREEMENTS BETWEEN THE PARTIES**

A. The Secretary filed a Complaint alleging Defendants violated the H-2A program under Section 218 of the Immigration and Nationality Act ("INA")[1] as amended by the Immigration and Reform Control Act of 1986 ("IRCA") and their Regulations at 20 C.F.R. Part 655 and 29 C.F.R. Part 501 ("H-2A Implementing Regulations").

B. Defendants have retained counsel. Defendants waive formal service of the Summons and Complaint and acknowledge receipt of a copy of the Complaint.

C. Defendants waive their Answers and any defenses to the Complaint.

D. Defendants agree that the Court has jurisdiction over the parties and the subject matter of this civil action, and that venue lies in the United States District Court for the Eastern District of California.

E. The Parties agree to waive findings of fact and conclusions of law and further agree to entry of this Consent Judgment and Order without further contest.

F. Defendants agree to resolve all allegations made against them in the Complaint.

G. Defendants agree to the entry of this Consent Judgment without contest.

H. Defendants admit that they committed the violations listed below:

a. Defendants Tractor Patrol, Roberto Perez Farms and Roberto Perez failed to satisfy the requirements of the job order by not stating the actual terms and conditions of the job, in violation of 20 C.F.R. §

---

[1] All references made herein to the INA will be to its Section 218, 8 U.S.C. 1188.

655.121(a)(3).

b. Defendants Tractor Patrol, Roberto Perez Farms and Roberto Perez failed to provide a copy of the work contract in a language understood by the worker, in violation of 20 C.F.R. § 655.122(q).

c. Defendants Tractor Patrol, Roberto Perez Farms and Roberto Perez failed to provide housing at no cost, in violation of 20 C.F.R. § 655.122(d)(1).

d. Defendants Tractor Patrol, Roberto Perez Farms and Roberto Perez failed to reimburse workers for inbound and outbound transportation and subsistence costs, in violation of 20 C.F.R. § 655.122(h)(1) and 20 C.F.R. § 655.122(h)(2).

e. Defendants Tractor Patrol, Roberto Perez Farms and Roberto Perez failed to pay workers the required rate of pay under the job order, in violation of 20 C.F.R. § 655.122(l).

f. Defendants Tractor Patrol, Roberto Perez Farms and Roberto Perez failed to satisfy the requirements of the job order by unlawfully deducting money from workers' wages for transportation, in violation of 20 C.F.R. § 655.122(p).

g. Defendants Tractor Patrol, Roberto Perez Farms, and Roberto Perez failed to comply with the job order by charging workers a fee as a condition of employment, in violation of 20 C.F.R. § 655.135(j).

h. Defendants Tractor Patrol, Roberto Perez Farms and Roberto Perez failed to keep accurate and adequate records of workers' earnings and failed to provide necessary pay statements, in violation of 20 C.F.R. § 655.122(j)(1) and 20 C.F.R. § 655.122(k).

i. Defendants Tractor Patrol, Roberto Perez Farms and Roberto Perez failed to complete a pre-occupancy housing inspection for

workers' housing, in violation of 20 C.F.R. § 655.122(d)(6).

j. Defendants Tractor Patrol and Roberto Perez failed to provide housing that met health and safety requirements, in violation of 20 20 C.F.R. § 655.122(d)(1).

k. Defendants Tractor Patrol, Roberto Perez Farms and Roberto Perez failed to provide free transportation to the worksite, in violation of 20 C.F.R. § 655.122(h)(3).

l. Defendants Tractor Patrol and Roberto Perez failed to provide safe transportation to the worksite, in violation of 20 C.F.R. § 655.122(h)(4).

m. Defendants Tractor Patrol, Roberto Perez Farms and Roberto Perez failed to follow applicable state and federal laws and regulations, in violation of 20 C.F.R. § 655.135(e).

**PERMANENT INJUNCTION**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT, pursuant to 8 U.S.C. § 1188(g)(2) and 29 C.F.R. § 501.16(b), Defendants and their officers, agents, servants employees, successors, and all persons in active concert or participation with it are permanently enjoined and restrained from violating the INA and any provisions of the H-2A Implementing Regulations with special emphasis in the manners identified below.

1. Defendants shall not, contrary to 20 C.F.R. § 655.122(l), fail to accurately identify in a job order all work to be performed or fail to pay employees the required rate of pay.

2. Defendants shall not, contrary to 20 C.F.R. § 655.122(k)(4) and 20 C.F.R. § 655.122(q), fail to provide workers their work contracts, or hours and earning statements that contain the hours actually worked by workers.

3. Defendants shall not, contrary to 20 C.F.R. § 655.122(j)(1), fail to make and keep the required payroll records.

4. Defendants shall not, contrary to 20 C.F.R. § 655.122(d)(1), fail to provide housing at no cost to H-2A workers.

5. Defendants shall not, contrary to 20 C.F.R. § 655.122(d)(6)(iv), fail to provide housing as described on any job order after that housing has been certified, fail to notify the State Workforce Agency ("SWA") if Defendants need to substitute housing after the job order is certified.

6. Defendants shall not, contrary to 20 C.F.R. § 655.122(d)(1), provide housing that does not meet applicable safety and health requirements.

7. Defendants shall not, contrary to 20 C.F.R. § 655.122(p) and 20 C.F.R. § 655.122(h)(3), fail to provide transportation from housing to the worksite at no cost to the worker, or deduct transportation costs to the worksite if such deduction is not stated in the job order and consistent with 20 C.F.R. § 655.122(p).

8. Defendants shall not, contrary to 20 C.F.R. § 655.122(h)(4), provide transportation that fails to meet applicable safety requirements between worker housing and the worksite.

9. Defendants shall not, contrary to 20 C.F.R. § 655.122(h)(1), fail to compensate employees for all inbound transportation costs, including visa, hotel, travel, and subsistence expenses.

10. Defendants shall not, contrary to 20 C.F.R. § 655.122(H)(2), fail to compensate employees when required for outbound transportation and subsistence expenses.

11. Defendants shall not, contrary to 20 C.F.R. § 655.135(j), require H-2A workers pay any fee related to obtaining H-2A labor certification.

12. Defendants shall not, contrary to 20 C.F.R. § 655.135(e), fail to follow all applicable federal, state and local laws and regulations, including health, safety and employment laws and regulations.

13. Defendants shall not intimidate, threaten, restrain, coerce, blacklist, discharge, or in any manner discriminate against any person employed in

agriculture as defined in 29 U.S.C. § 203(f), in violation of 29 C.F.R. § 501.4.

14. Defendants shall not continue to withhold the payment of $98,776.49 in back wages hereby found to be due by Defendants under 8 U.S.C. § 1188(g)(2) and implementing regulations at 20 C.F.R. § 655.122(i) and 20 C.F.R. § 655.135(g) to H-2A workers who performed work described in its H-2A Certifications in Turlock, CA, in 2020 and 2021.

15. Defendants, their officers, agents, servants, employees and those persons in active concert or participation with Defendants, shall not in any way directly or indirectly, demand, require or accept any of the back wages from any of the employees listed on the attached Exhibit A. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Consent Judgment and Order. Violation of this paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

16. Defendants shall provide notice of this Consent Judgment and Order and a copy thereof to its current managers, supervisors, and payroll personnel within 30 calendar days of the date of entry of this Consent Judgment and Order and to new managers, supervisors, payroll personnel within 30 calendar days of their hiring date until January 1, 2029.

17. Defendants shall provide a copy of this Consent Judgment to any successors-in-interest to Defendants Roberto Perez Farms or Tractor Patrol, LLC from the date of entry of this Consent Judgment and Order through January 1, 2029. If Defendants Roberto Perez Farms or Tractor Patrol LLC are sold, either in whole or in part (e.g., no matter how small and/or if it only involved assets), one of the written contractual terms for such sale will be that "any successors-in-interest to [Defendant's name] will be given a copy of the 2025 Consent Judgment in *Chavez-DeRemer v. Roberto Perez Farms, et al.* (E.D. Cal.)."

/////

## JUDGMENT

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to 8 U.S.C. § 1188(g)(2), in favor of the Secretary and against Defendants jointly and severally in the total amount of $98,776.49.

Pursuant to this Consent Judgment, **IT IS HEREBY ORDERED THAT**:

18. Defendants shall pay to the Secretary $98,776.49 in back wages due, comprising $53,571.34 for Wage and Hour Case No. 1691969 and $45,205.15 for Wage and Hour Case No. 1953816, under the INA and this Judgment to Defendants' employees identified in Exhibit A to this Consent Judgment.

19. To accomplish the payment described in Paragraph 18 of this Consent Judgment and Order, Defendants shall make the payments according to the payment schedule set forth in Exhibit B to this Consent Judgment. Defendants shall make the payments for back wages required by this Consent Judgment online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment – WE Region."

20. The Secretary shall distribute the back wages to the workers identified on Exhibit A, or to their estates if that be necessary, using the back wage amounts identified on Exhibit A. Any money not so paid to these workers, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited by the Secretary in the Treasury of the United States.

21. In the event of any default in the timely making of any payment due hereunder, the full amount due under this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business addresses of Defendants then known to the Secretary with electronic copies also concurrently served via e-mail on Defendants' counsel of record. Defendants shall have 10

business days following receipt of notice to respond to the written demand and remit payment before triggering the immediate payment described above.

**IT IS FURTHER ORDERED THAT:**

22. Each party shall bear their own fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to any costs referenced in the Equal Access to Justice Act, as amended, to the date of entry of the Consent Judgment and Order herein.

23. The Clerk of Court is directed to close this case, but the Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

IT IS SO ORDERED.

Dated: **September 17, 2026**

Dena Coggins
United States District Judge

**EXHIBIT A**

| **Last Name, First Name** | **Amount Due** | **Beginning Workweek Ending Date** | **Ending Workweek Ending Date** |
|---|---|---|---|
| Alvarez Jimenez, Carlos Arturo | $ 8,688.21 | 3/16/2020 | 12/1/2020 |
| Alvarez Jimenez, Edgar Javier | $ 8,387.80 | 3/16/2020 | 12/1/2020 |
| Arturo Alvarez, Carlos | $ 7,024.58 | 4/16/2021 | 11/23/2021 |
| Barba, Octavio | $ 6,942.90 | 4/16/2021 | 11/23/2021 |
| Centeno Diaz, Juan Agustin | $ 7,860.44 | 4/16/2021 | 11/23/2021 |
| Gutierrez Becerra, Jesus Alberto | $ 17,247.30 | 3/16/2020 | 11/28/2021 |
| Gutierrez Padilla, Hector | $ 17,746.10 | 3/16/2020 | 11/28/2021 |
| Marquez Chavez, Alvaro | $ 9,120.89 | 3/16/2020 | 12/1/2020 |
| Sanchez, Hugo | $ 8,654.77 | 3/16/2020 | 12/1/2020 |
| Villalobos, Alfredo | $ 7,103.50 | 4/16/2021 | 11/23/2021 |

**EXHIBIT B**

| - | **Date Due** | **Case #1961696 Back Wages** | **Case #1961696 Interest Due** | **Case #1953816 Back Wages** | **Case #1953816 Interest Due** | **TOTAL Monthly Due** |
|---|---|---|---|---|---|---|
| **Down payment** | **1/4/2026** | **$ 26,547.83** | | **$ 24,916.07** | | **$ 51,463.90** |
| **1** | **2/4/2026** | **$ 2,200.82** | **$ 112.60** | **$ 1,652.36** | **$ 84.54** | **$ 4,050.32** |
| **2** | **3/4/2026** | **$ 2,209.99** | **$ 103.43** | **$ 1,659.25** | **$ 77.65** | **$ 4,050.32** |
| **3** | **4/4/2026** | **$ 2,219.20** | **$ 94.22** | **$ 1,666.16** | **$ 70.74** | **$ 4,050.32** |
| **4** | **5/4/2026** | **$ 2,228.45** | **$ 84.97** | **$ 1,673.10** | **$ 63.80** | **$ 4,050.32** |
| **5** | **6/4/2026** | **$ 2,237.73** | **$ 75.69** | **$ 1,680.07** | **$ 56.83** | **$ 4,050.32** |
| **6** | **7/4/2026** | **$ 2,247.06** | **$ 66.36** | **$ 1,687.07** | **$ 49.83** | **$ 4,050.32** |
| **7** | **8/4/2026** | **$ 2,256.42** | **$ 57.00** | **$ 1,694.10** | **$ 42.80** | **$ 4,050.32** |
| **8** | **9/4/2026** | **$ 2,265.82** | **$ 47.60** | **$ 1,701.16** | **$ 35.74** | **$ 4,050.32** |
| **9** | **10/4/2026** | **$ 2,275.26** | **$ 38.16** | **$ 1,708.25** | **$ 28.65** | **$ 4,050.32** |
| **10** | **11/4/2026** | **$ 2,284.74** | **$ 28.68** | **$ 1,715.37** | **$ 21.53** | **$ 4,050.32** |
| **11** | **12/4/2026** | **$ 2,294.26** | **$ 19.16** | **$ 1,722.52** | **$ 14.38** | **$ 4,050.32** |
| **12** | **1/4/2027** | **$ 2,303.76** | **$ 9.60** | **$ 1,729.67** | **$ 7.21** | **$ 4,050.24** |
| | | | | | | **$ 100,067.66** |